1
2
3
4                      UNITED STATES DISTRICT COURT
5                     NORTHERN DISTRICT OF CALIFORNIA
6
7    ANSHUMAN SINGH, et al.,              Case No. 23-cv-00452-HSG
8                    Plaintiffs,          **ORDER GRANTING DEFENDANT'S**
                                          **MOTION TO TRANSFER AND**
9              v.                         **GRANTNG IN PART AND DENYING**
                                          **IN PART DEFENDANT'S REQUEST**
10   FCA US LLC,                          **FOR JUDICIAL NOTICE**
11                   Defendant.           Re: Dkt. No. 23, 24
12
13          Pending before the Court is Defendant's Motion to Transfer and its related Request for
14   Judicial Notice.  Dkt. Nos. 23, 24.  The Court finds this matter appropriate for disposition without
15   oral argument and the matter is deemed submitted.  *See* Civil L.R. 7-1(b).  For the reasons detailed
16   below, the Court **GRANTS** Defendant's Motion to Transfer, and **GRANTS IN PART** and
17   **DENIES IN PART** its Request for Judicial Notice.
18   I.      BACKGROUND
19          On January 31, 2023, Plaintiffs filed an action against FCA US alleging a design defect in
20   Jeep 4xe vehicles.  *See generally* Dkt. No. 1 ("Compl").  Though Defendant purportedly promoted
21   these vehicles as having electric-only capabilities, Plaintiffs allege that upon entering "Fuel and
22   Oil Refresh Mode," Jeep 4xe vehicles lose electric-only battery operation, and that this problem is
23   particularly pronounced in cold weather.  *See id.* ¶¶ 59–77.  Based on these allegations, Plaintiffs
24   assert common law fraud, statutory consumer protection, breach of warranty, and unjust
25   enrichment claims on behalf of a putative nationwide class and seven state-based subclasses
26   comprised of "[a]ny person" who purchased or leased a model-year 2021-2023 Jeep Wrangler 4xe
27   or model-year 2022-2023 Grand Cherokee 4xe vehicle.  *Id.* ¶ 78–80.
28          At the time Plaintiffs filed their case, an action with nearly identical allegations – *Crowell,*

United States District Court
Northern District of California

*et al. v. FCA US LLC* – was already pending in the District of Delaware against the same defendant.  Following a motion to dismiss, the *Crowell* Plaintiffs filed an amended complaint in April again alleging the same design defect, seeking to certify a nationwide class (as well as nine state-based subclasses, two of which overlap with the *Singh* subclasses), and proceeding on fraud, statutory consumer protection, breach of warranty, and unjust enrichment claims.  Dkt. No. 24-2, Ex. B ("Crowell FAC") ¶¶ 1–3; 191–2; 199–456.  Two days later, Defendant brought this motion to transfer.  Dkt. No. 23 ("Mot.").

## II.    LEGAL STANDARD

Defendant urges the Court to transfer this action under the first-to-file rule.  Dkt. No. 23.[1] The first-to-file rule is a "generally recognized doctrine of federal comity," and "provides that where substantially identical actions are proceeding in different courts, the court of the later-filed action should defer to the jurisdiction of the court of the first-filed action by either dismissing, staying, or transferring the later-filed suit."  *Molander v. Google LLC*, 473 F. Supp. 3d 1013, 1017 (N.D. Cal. 2020) (citations omitted).  The rule is intended to promote efficiency, and the Ninth Circuit has cautioned that it "should not be disregarded lightly."  *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  "When applying the first-to-file rule, courts should be driven to maximize 'economy, consistency, and comity.'"  *Id.* at 1240 (citation omitted).  The first-to-file rule requires analysis of three factors: (1) chronology of the lawsuits, (2) similarity of the parties, and (3) similarity of the issues.  *Id.*

## III.    DISCUSSION

Defendant argues that this case satisfies the three relevant factors, and that transfer is therefore warranted. The Court agrees.

---

[1] Defendant also seeks judicial notice of three documents filed in the *Crowell* action: the Class Action Complaint (Exhibit A), the First Amended Class Action Complaint (Exhibit B), and the then-current Docket Report from *Crowell* (Exhibit C).  Dkt. No. 24.  Since the Court did not rely on the *Crowell* Docket Report at Exhibit C, it will **DENY** Defendant's request as to that document.  However, the Court finds that the *Crowell* Complaint and First Amended Complaint (Dkt. Nos. 24-1, Ex. A & 24-2, Ex. B) are publicly available and not subject to reasonable dispute, and accordingly **GRANTS** Defendant's request for judicial notice of these documents as evidence of the claims being asserted in *Crowell*.  *See* F.R.E. 201(b).

United States District Court
Northern District of California

United States District Court
Northern District of California

### i.    Chronology

The first factor requires only that "the case in question was filed later in time." *Selection Mgmt. v. Torus Specialty Ins. Co.*, No. 4:15-cv-05445-YGR, 2016 WL 304781, at *1 (N.D. Cal. Jan. 26, 2016). The parties do not contest the relevant sequence of events: the *Crowell* Complaint was filed on January 5, 2023, while the *Singh* Complaint was filed weeks later on January 31, 2023. *See* Dkt. Nos. 1; 24-1, Ex. A. Accordingly, the first factor is satisfied.

### ii.    Similarity of the Parties

The second factor looks at whether the parties in each case are "substantially similar." *Kohn*, 787 F.3d at 1240. In a class action, the relevant comparator is the similarity of the proposed classes rather than the class representatives themselves. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147-48 (E.D. Cal. 2010) (citing *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008)). "District courts within the Ninth Circuit have found that 'proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals.'" *Bellone v. First Transit, Inc.*, No. 21-CV-09617-HSG, 2022 WL 4292964 at *3 (N.D. Cal. Sept. 16, 2022) (quoting *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696 YGR, 2013 WL 3476801, at *4 (N.D. Cal. July 10, 2013)).

Defendant argues that the parties in *Singh* and *Crowell* are substantially similar. Mot. at 12. Since no party disputes that the two cases are brought against an identical defendant (FCA US), the only possible source of disagreement relates to the similarity of the proposed classes. *See id.*; Dkt. No. 40 ("Opp.") at 5. But even Plaintiffs concede that the nationwide classes are "similarly-defined" in both cases. Opp. at 5. While this characterization certainly suggests that the plaintiff parties are "substantially similar[,]" it actually understates that similarity: the *Singh* Plaintiffs seek to certify a nationwide class that is virtually *identical* to the one sought in *Crowell*. *See* Compl. ¶ 78–79; Crowell FAC ¶¶ 1, 191-192. The existence of different state-based subclasses in *Singh* and *Crowell* does not defeat this conclusion, as the two lawsuits "seek to represent at least some of the same individuals." *Hill*, No. 13-cv-00696 YGR at *4. As such, the Court finds that this factor is met.

3

### iii.    Similarity of the Issues

For the first-to-file rule to apply, the issues in the cases do not need to "be identical, only substantially similar." *Kohn*, 787 F.3d at 1240. "To determine whether two suits involve substantially similar issues, [courts] look at whether there is 'substantial overlap' between the two suits." *Id.* at 1241 (citation omitted).

The Court finds that the *Singh* and *Crowell* actions overlap substantially. The two cases both allege that the same design defect affects the same vehicles manufactured and advertised by the same defendant, and both seek nearly identical relief on similar (or even identical) legal theories for the same nationwide classes. *See generally* Compl.; Crowell FAC. Plaintiffs admit that the two cases do "allege[] the same defect against the same defendant[,]" but insist that the "claims in each case are not identical." Opp. at 5. Putting aside that Defendant persuasively argues the issues and legal theories *are* actually identical (even if alleged under different state-specific analogue statutes), "identical" is not the standard. "Substantially similar" is. *See* Mot. at 7–8. On these facts, the Court is easily persuaded that the issues in *Singh* and *Crowell* are "substantially similar." *See Kohn*, 787 F.3d at 1240.

### iv.    Ability to File Case in Transferee District

A district court may only transfer an action pursuant to the first-to-file rule to a transferee district "where it might have been brought." *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (citing 28 U.S.C. § 1404(a)). The transferee court meets this requirement if: (1) it would have subject-matter jurisdiction; (2) defendants would be subject to personal jurisdiction; and (3) venue would be proper. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).

Here, FCA US moves to transfer the case to the U.S. District Court for the District of Delaware. First, the Delaware court would have original subject-matter jurisdiction over this matter pursuant to the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d); Compl. ¶ 5. Second, Defendant is subject to general personal jurisdiction in Delaware, given its incorporation in that state. Compl. ¶ 53; Mot. at 15. Third, venue would be proper, given that Defendant can be said to "be at home" in its state of incorporation. *See* 28 U.S.C. § 1391(c)(2); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Because all three factors have been satisfied and transfer to the District of Delaware is

2   proper, the Court finds it appropriate to apply the first-to-file rule to this action to "maximize

3   judicial economy, consistency, and comity." *Kohn*, 787 F.3d at 1240.  The Court need not

4   additionally analyze the 28 U.S.C. § 1404(a) convenience factors in order to transfer under the

5   first-to-file doctrine, and consequently declines Plaintiffs' invitation to do so.  *See e.g.*, *Sporn v.*

6   *TransUnion Interactive, Inc.*, 2019 WL 151575, at *4 (N.D.Cal. 2019) ("The Ninth Circuit has

7   cautioned that relaxing the first-to-file rule on the basis of conveniences is a determination best

8   left to the court in the first-to-file action.").

9   **IV.    CONCLUSION**

10  Defendant's Motion to Transfer to the District of Delaware is **GRANTED**.  Dkt. No. 23.

11  The Court also **GRANTS IN PART** and **DENIES IN PART** Defendant's Request for Judicial

12  Notice.  Dkt. No. 24.  The Clerk is directed to close the file.

13  **IT IS SO ORDERED.**

14  Dated:  10/26/2023

15

16  HAYWOOD S. GILLIAM, JR.
    United States District Judge

5